1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KATHRYN EVJE, a single woman,

                        Plaintiff,

            v.

FRED MEYER STORES, an Ohio
Corporation,

                        Defendant.

CASE NO. C06-1683BHS

ORDER GRANTING
DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT
ON PLAINTIFF'S STATE
LAW CLAIMS

This matter comes before the Court on the Defendant's Motion for Summary Judgment (Dkt. 9). Defendant also appears to have made a motion to strike the Declaration of Merle Larson (Dkt. 22). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file herein and hereby grants Defendant's Motion for Summary Judgment for the following reasons:

**I. MOTION TO STRIKE LARSON DECLARATION**

Plaintiff has submitted the Declaration of Merle Larson as "an expert in both industrial and public safety." Dkt. 20 at 1. Defendant has moved to strike this declaration for several reasons that the Court does not find persuasive at this time. The Court will consider the Larson Declaration for the purposes of this motion.

ORDER – 1

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

### III. DISCUSSION

Plaintiff has filed suit in this matter based on injuries she sustained due to a slip and fall that occurred in the parking lot of the Fred Meyer store in Burien, Washington, at 7:45 a.m. on December 10, 2005. Dkt.18 at 2.  Plaintiff allegedly slipped on a patch of ice which had formed in the parking lot and fell, breaking her hip. *Id.* at 2-3.  Defendant moves for summary judgment in this matter on the basis that "there is no evidence of actual or constructive notice regarding any allegedly dangerous condition in the subject parking lot." Dkt. 9 at 6.

The parties do not dispute that Plaintiff was an invitee while on Defendant's property.  A property owner has the duty to "exercise reasonable care to prevent the occurrence of defective or dangerous conditions in the common approaches, the fact that a particular danger arose from the fall of snow or in the freezing of ice can afford no ground for distinction." *Geise v. Lee*, 84 Wn.2d 866, 869 (1975).  The appropriate standards for determining landowner liability to invitees is found in Rest. 2d Torts § 343 (1965). *Iwai v. State,* 129 Wn.2d 84, 95 (1996).  Rest. 2d Torts § 343 (1965), entitled Dangerous Conditions Known to or Discoverable by Possessor, states:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against the danger.

The section above should be read in conjunction with Rest. 2d Torts § 343A.  In order for the possessor of land to be held liable to an invitee due to an injury sustained from an unsafe condition, the Plaintiff must show that the possessor had actual or constructive notice of the dangerous condition. *Ingersoll v. DeBartolo, Inc.,* 123 Wn.2d 649, 652 (1994).  A possessor of land is considered to have constructive notice when the dangerous condition "has existed for such time as would have afforded [the possessor] sufficient

opportunity, in the exercise of ordinary care, to have made a proper inspection of the premises and removed the danger." *Smith v. Manning's, Inc.*, 13 Wn.2d 573, 580 (1942). The Plaintiff has the burden of establishing that the Defendant "had, or should have had, knowledge of the dangerous condition in time to remedy the situation before the injury or to warn the plaintiff of the danger." *Ingersoll,* 123 Wn.2d at 652 (citing *Brant v. Market Basket Stores, Inc.,* 72 Wn.2d 446, 451-52 (1967)).

In the instant matter, the record is void of any evidence of actual knowledge by the Defendant of the dangerous condition of black ice forming in its parking lot.  In fact, Plaintiff even states that the ice was undetectable by her and she did not see any signs of ice at the time that she slipped. Dkt. 10 at 11.  The only evidence that Plaintiff submits of Defendant having constructive knowledge is a weather report and Plaintiff's expert in industrial and public safety, Merle Larson's conclusory assertion that black ice had been forming in the parking lot for ninety minutes prior to Plaintiff's fall. Dkt. 20 at 6, 15-18. Merle Larson is not an expert in weather conditions necessary for the formation of black ice, is not a meteorologist, and has not shown that the conclusion that ice was present for ninety minutes prior to Plaintiff's fall is anything more than mere conjecture.  Like in *Iwai,* the weather report, indicating the weather conditions for Boeing in Seattle, Washington, "is the only solid evidence submitted by plaintiff having any relevance to the conditions on the day of the accident" at the Fred Meyer in Burien, Washington. 129 Wn.2d at 97.  Plaintiff has also failed to establish that the weather report for Boeing in Seattle, Washington establishes the weather conditions present in Burien, Washington despite the two locations' relatively close geographic proximity.   Even if this weather report is seen as establishing the weather conditions present at the Fred Meyer in Burien, the presence of ice or the fact that temperatures were around freezing at the time of Plaintiff's fall is insufficient to show that Defendant "knew or should have known that a dangerous condition existed." *Brant,* 72 Wn.2d at 452.  Therefore, Plaintiff has not

ORDER – 4

1  carried her burden of establishing that Defendant had actual or constructive notice of the

2  ice upon which she slipped.

3      Despite this, Plaintiff argues that this Court must apply the exception, stated in

4  *Iwai*, that actual or constructive notice need not be proved where the plaintiff can show

5  that the defendant "failed to conduct periodic inspections with the frequency required by

6  the foreseeability of risk." 129 Wn.2d at 99; *see also Pimentel v. Roundup Co.,* 100

7  Wn.2d 39, 40 (1983).  This exception only applies to self-service type stores where there

8  is a "relation between the hazardous condition and the self-service mode of operation of

9  the business."  *Ingersoll,* 123 Wn.2d at 654 (citing *Wiltse v. Albertson's, Inc.,* 116 Wn.2d

10  452, 461 (1991)).  *Iwai* attempts to extend this exception "to any situation, whether or not

11  the mode of business involves self-service." 129 Wn.2d at 100. However, in *Iwai*, only

12  four justices agreed with extending this exception outside of the self-service context.

13  Five justices, four dissenting and one concurring, refused to extend the exception.

14      Where there is no majority agreement as to rationale for a decision, the
       holding of the court is the position taken by those concurring on the
15      narrowest grounds. *Marks v. U.S.,* 430 U.S. 188, 193 (1977); *Zueger v.
       Public Hospital Dist. 2,* 57 Wn. App. 584, 590 (1990). Therefore, the . . .
16      plurality opinion does not represent binding precedent.

17  *State v. Zakel,* 61 Wn. App. 805, 808-9 (1991).  The foreseeability exception is only

18  applicable to self-service stores where there is a "relation between the hazardous

19  condition and the self-service mode of operation of the business."  *Ingersoll,* 123 Wn.2d

20  at 654.  The court finds that the facts present in this matter are not sufficient to apply the

21  foreseeability exception and thereby remove the burden on Plaintiff of showing actual or

22  constructive notice.  Plaintiff has failed to establish facts sufficient to provide a basis for

23  this Court to find actual or constructive notice; there is no evidence showing that

24  Defendant created the dangerous condition; and Plaintiff has not shown a relation

25  between the dangerous condition and the self-service mode of operation of Defendant.

26  Defendant's Motion for Summary Judgment should be granted.

27

28

ORDER – 5

### III. ORDER

Therefore, it is **ORDERED** that Defendant's Motion for Summary Judgment (Dkt. 9) is hereby **GRANTED,** and Plaintiff's claims against Defendant are **DISMISSED with prejudice.**

DATED this 24th day of January, 2008.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER – 6